AUGUSTUS W. GILMAN, and others, *vs.* FRED W. STOCK.

Piscataquis. Opinion July 19, 1901.

*Sales. Agents. Memorandum. Subject to Confirmation.*

1. Though a salesman may have special authority to make a particular sale of goods unconditional, yet if in making the contract of sale he inserts a condition that it shall be "subject to confirmation," no action can be maintained for the non-delivery of the goods without showing a confirmation of the sale by the principal.

2. Where such contract was evidenced by a written memorandum signed by the salesman and the purchaser, which memorandum contained the stipulation "all orders subject to confirmation," the stipulation in the absence of fraud is binding on the purchaser though he did not notice it and was not aware of it.

On exceptions by plaintiffs. Overruled.

Assumpsit for the recovery of two hundred and fifty dollars for the non-delivery of 250 barrels of flour. At the close of the testimony the justice presiding instructed the jury as follows:

Gentlemen of the jury:—Upon this evidence the plaintiff is not entitled to recover, and it will be your duty to return a verdict for the defendant. The plaintiffs thereupon excepted.

*H. Hudson and C. W. Hayes,* for plaintiffs.

*G. C. Wing,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, PEABODY, JJ.

EMERY, J. This is an action of assumpsit for the non-delivery of goods, of more than thirty dollars in value, alleged to have been bargained and sold by the defendant to the plaintiffs. The defendant was a dealer in flour, and Mr. Potter was his salesman authorized to take orders of customers for flour. After some negotiations between Mr. Potter and the plaintiffs as to quality, quantity and price of flour, Mr. Potter wired his principal for the lowest price for which he might offer flour. He communicated the reply to the plaintiffs and thereupon the latter concluded to buy the flour. A written memorandum of sale was drawn up in duplicate by the salesman, Mr. Potter, on blanks furnished by the defendant, which memorandum was signed by the plaintiffs and also by the salesman for and in behalf of his principal the defendant. This memorandum contained an express stipulation of the following tenor: "All orders subject to confirmation." The salesman, Mr. Potter, sent his copy of the memorandum to the defendant who at once telegraphed the plaintiffs that the flour ordered was withdrawn from the market, and he could not supply it.

It must be evident the order was not confirmed, and hence the plaintiffs cannot recover damages for the refusal to fill it.

The plaintiffs urge, however, that they did not notice the stipulation that "all orders were subject to confirmation" and that, if they had noticed it, they would not have signed the memorandum. They complain that their attention was not called to this stipulation by the salesman. This does not change the effect of the stipulation. *Reinstein* v. *Watts,* 84 Maine, 129. No fraud is suggested, and in the absence of fraud, a party himself signing a written

contract is conclusively presumed to know the contents, at least when seeking to enforce it in an action at law. *Mattocks* v. *Young*, 66 Maine, 459; *Insurance Co.* v. *Hodgkins*, 66 Maine, 109; *Bank* v. *Kimball*, 10 Cush. 373.

The plaintiffs again contend that the salesman, Potter, was authorized by the defendant to make an unconditional contract of sale without being subject to confirmation. But the plaintiffs must go further and show that the salesman did make such an unconditional contract of sale. The question is not what contract the salesman was authorized to make, but what contract he did make. As already appears, the contract he did make, and the one offered in evidence by the plaintiffs, expressly provided that it was subject to confirmation. An agent with full authority to bind his principal absolutely may yet properly stipulate that the contract shall not be binding until confirmed by his principal. The cases cited by the plaintiffs as to how far third parties may rely upon the general powers of salesmen to act for and bind their principals, are not applicable. The plaintiffs in this case were limited by the contract they saw fit to make with the salesman, however far short of his actual powers. Their action at law is based on this contract and cannot be sustained for want of the confirmation stipulated for therein.

*Exceptions overruled.*